IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANTHONY LEE PATMON,                )
                                   )
            Plaintiff,             )              8:06cv30
                                   )
     vs.                           )         MEMORANDUM AND ORDER
                                   )
DOUGLAS COUNTY CORRECTIONS         )
CENTER, et al.,                    )
                                   )
            Defendants.            )

This matter is before the court on initial review of the complaint filed by the plaintiff, Anthony Lee Patmon, an inmate at the Douglas County Correctional Center ("DCCC"). The plaintiff has sued the DCCC and medical personnel and providers at DCCC, i.e., Thomas Gensler, M.D., Rhonda Moore, R.N., Correctional Medical Services ("CMS") and Tom Brands. Also before the court are the following motions filed by the plaintiff: (1) filing no. 5, the Motion for Summary Judgment; (2) filing no. 13, the Motion for Untimelessly Response; (3) filing no. 14, the Motion for Default Judgment; and (4) filing no. 15, the Motion for Ruling and Opinion.

In 2003, the plaintiff sued the same defendants in this court in Case No. 4:03cv3321, asserting federal civil rights claims pursuant to 42 U.S.C. § 1983. The plaintiff alleged deliberate indifference to his serious medical needs, specifically that he suffered a weight loss of ten pounds, with a reduction in weight from 185 pounds to 175 pounds, in his first three weeks at DCCC, because he was not receiving enough food. As a result of his rapid decrease in weight, the plaintiff suffered stomach pains. According to the plaintiff, Dr. Gensler, Tom Brands and Rhonda Moore violated the Eighth Amendment to the United States Constitution by failing to prescribe additional food for the plaintiff.

Senior District Judge Warren K. Urbom granted the defendants' Motion to Dismiss Case No. 4:03cv3321 because the facts, taken in the light most favorable to the plaintiff, simply did not amount to a violation of the Eighth Amendment to the United States Constitution. Judge Urbom dismissed the plaintiff's federal claims against the defendants *with prejudice*, but he declined to exercise supplemental jurisdiction over the plaintiff's claims arising under state law. The state-law claims were dismissed without prejudice, meaning that the plaintiff could bring those claims (e.g., negligence under Nebraska law) in a *state* court within the applicable statute of limitations.

After Judge Urbom entered judgment against the plaintiff in Case No. 4:03cv3321 on August 27, 2004, the plaintiff appealed to the Eighth Circuit Court of Appeals. On November 8, 2005, the Eighth Circuit affirmed Judge Urbom's decision, including the

1

dismissal with prejudice of the federal civil rights claims, the denial of several discovery motions, and the decision not to exercise supplemental jurisdiction over the state negligence or medical malpractice claims.  After the passage of time, that decision became final.

Then in January of 2006, the plaintiff filed his complaint in the above-entitled case, accompanied by an Application for Leave to Proceed In Forma Pauperis ("IFP").  Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen complaints brought by prisoners (including pretrial detainees[1]), establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation.  See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Similarly, by moving for leave to proceed IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;

---

[1] 28 U.S.C. § 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is **accused of**, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  (Emphasis added.)

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff's complaint combined with his motions (filing nos. 5, 13, 14 and 15) clearly demonstrate that the plaintiff is attempting in the present case to relitigate aspects of Case No. 4:03cv3321.  The plaintiff believes that he received unjust treatment from the courts in the former case and that the defendants previously disobeyed court orders or discovery rules in Case No. 4:03cv3321.

The problem is, however, that no aspect of Case No. 4:03cv3321 may be relitigated. A final judgment has been entered, and that judgment has been affirmed on appeal.  The case may not now be revisited in any form in a federal court. Only the claims arising under state law may be pursued in a state court within the applicable statute of limitations. Therefore, the plaintiff's present action fails to state a claim on which relief may be granted. Because the plaintiff's complaint in the above-entitled case fails to state a claim on which relief may be granted, and the case was brought by a prisoner proceeding IFP, the case will be dismissed.  See 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

THEREFORE, IT IS ORDERED:

1.      That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii);

2.      That filing nos. 5, 13, 14 and 15 are denied as moot; and

3.      That judgment will be entered in accordance with this Memorandum and Order.

DATED  this 5th day of April, 2006.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge